UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JERROD F.,

       *Plaintiff*,

  v.

COMMISSIONER OF SOCIAL SECURITY,

       *Defendant*.

---

No. 2:24-cv-04710(MEF)

**OPINION and ORDER**

\*   \*   \*

For purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*   \*   \*

In 2019, a man[1] filed for disability benefits. See Complaint ¶ 4. His claim was denied. See id. ¶¶ 7-9.

The man (from here, "the Plaintiff") then filed this lawsuit, to challenge the denial. See id. ¶ 1.

The Plaintiff asks the Court to (1) "reverse the defendant's decision . . . and declare that the plaintiff is entitled to . . . disability [benefits]," or (2) "vacate the defendant's decision . . . and remand this case to the defendant for a new hearing." Id. ¶¶ 9.2, 9.3.

For his part, the Defendant[2] contends that while reversal is not appropriate, remand is --- because "[u]pon further review . . . additional administrative consideration of [the] Plaintiff's

---

[1] Jerrod F.

[2] The Commissioner of Social Security, currently Frank Bisignano.

claim is warranted." Defendant's Contested Motion to Remand (ECF 12) ¶ 2; see also Defendant's Brief in Support of Contested Motion to Remand Under the Fourth Sentence of 42 U.S.C. § 405(g) ("Defendant's Brief") (ECF 12-1) at 1-2.

The Court will opt for remand.

\*   \*   \*

As noted above, the Plaintiff argues for reversal and an award of benefits. See Memorandum of Law in Support of Plaintiff's Cross Motion for Reversal on Summary Judgment and Opposition to Defendant's Motion for Blanket Non-Committal Remand to the Same ALJ ("Plaintiff's Cross Motion") (ECF 13) at 9-13.

But remand is generally the right way to go when the administrative record needs developing. See Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 358 (3d Cir. 2008) (stating that reversal with an award of benefits is appropriate "only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits") (cleaned up); see also Podedworny v. Harris, 745 210, 221 (3d Cir. 1984); Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000).

Consistent with this, courts in this circuit have routinely held that "[w]hen an ALJ does not address all of the [relevant] evidence of record, the appropriate action is to remand for further proceedings." Zied v. Astrue, 347 F. App'x 862, 865 (3d Cir. 2009); see also, e.g., Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) ("Where there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand a case where such an explanation is not provided."); Scott S. v. Comm'r of Soc. Sec., 2024 WL 3665803, at \*6 (D.N.J. Aug. 6, 2024) ("Here, because the Court finds that the ALJ did not adequately consider Plaintiff's non-severe impairments during the RFC calculation, the proper remedy is to remand for further development of the record."); Shanta B. v. Comm'r of Soc. Sec., 2024 WL 3534338, at \*6 (D.N.J. July 25, 2024) (vacating and remanding where "there [wa]s conflicting medical evidence on the record as to Plaintiff's limitations and insufficient factual development regarding the impact of Plaintiff's medically determinable impairments . . . on her ability to work" because that "type of fact-finding is

the purview of administrative proceedings"); Rangel v. Colvin, 2016 WL 4267949, at *2 (D.N.J. Aug. 12, 2016) (explaining that "remand is appropriate . . . where the ALJ 'fail[s] to address evidence in direct conflict with his/her findings'") (alteration in original) (quoting Landeta v. Comm'r of Soc. Sec., 191 F. App'x 105, 110 (3d Cir. 2006)); Rebecca P. v. O'Malley, 2024 WL 1653687, at *3 (D.N.J. Apr. 17, 2024) ("Remand is . . . appropriate if the ALJ's findings are not the product of a complete review which 'explicitly weigh[s] all relevant, probative and available evidence' in the record.") (alteration in original) (quoting Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994)).

Here, after working through the governing five-step evaluation process,[3] the ALJ concluded that the Plaintiff "has the residual functional capacity to perform light work," and, therefore, was neither disabled nor entitled to benefits.[4] Jerrod F., AR at 19; see id. at 24-26; Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).

But for now at least, this conclusion is not solid enough.

"[L]ight work" includes jobs that require walking or standing for roughly "6 hours of an 8-hour workday." S.S.R. 83-10, 1983 WL 31251 (Jan. 1, 1983); see also 20 C.F.R. § 404.1567(b).

But that is a lot of walking or standing for a person who uses a cane to get around --- and there was conflicting evidence before the ALJ on whether and when the Plaintiff needs a cane.

Some evidence suggests he needs a cane, or at least greatly benefits from using one. See, e.g., AR 43-45 (testimony indicating that the Plaintiff used a cane to balance, stand, and walk); id. at 481 (spine specialist notes indicating that the Plaintiff used a walker in September 2019); id. at 419 (pain management notes indicating the Plaintiff could "ambulate only with the help of a cane" in October 2019); id. at 496-502 (neurology appointment notes indicating that the Plaintiff used a cane in 2019 and 2020 after being advised to do so by an

---

[3] See Loiska J. v. Comm'r of Soc. Sec., 2026 WL 100512, at *1-2 (D.N.J. Jan. 14, 2026) (describing the five steps).

[4] The ALJ's 14-page written opinion is at Jerrod F. (S.S.A. A.L.J. Mar. 21, 2023). It can be found beginning at page 14 of the administrative record. The administrative record is at ECF 4, and is abbreviated, from here, as "AR."

orthopedist); id. at 518-19 (consultative examination notes indicating that the Plaintiff was prescribed a cane by his orthopedic doctor and that he "benefits from the use of an assistive device for ambulation"); cf. id. at 62, 72, 86, 98 (DDS state agency reports concluding that the Plaintiff was limited to standing or walking for 4 hours of the day).

But some evidence potentially runs the other way. See, e.g., id. at 428 (pain management notes indicating that the Plaintiff's gait was normal in June 2019, without reference to any assistance being used); id. at 421 (pain management records noting that the Plaintiff had normal gait on examination in August 2019, with no reference to any assistance); id. 480-82 (spinal surgery records indicating that the Plaintiff's gait pattern had improved in October 2019); id. at 522 (consultative examination notes indicating that the Plaintiff only required a cane to walk "long distance[s]," and not "[a]ll the time").

Given the evidence on each side of the line, the ALJ's analysis skimmed too quickly over the surface. The ALJ held that a "limitation" on the Plaintiff's "standing/walking does not appear needed." Jerrod F., AR at 24. But in support of this, the ALJ pointed to just two pieces of evidence --- 2019 treatment notes from a podiatrist, and a report noting that the Plaintiff had no pain straightening his legs while standing. See id. And the ALJ did not explain why those pieces of evidence carried the day.

There was no discussion of the fuller body of information, and more in the way of sustained analysis was needed.

When that is the case, when there is too little explanation to go on --- the cases cited above make clear that remand is generally appropriate, not reversal.[5]

---

[5] The Plaintiff also objects to the scope of any remand, on the ground that the Defendant "is offering a remand without . . . any articulated commitment to address any error." Plaintiff's Cross Motion at 1. But the relevant manual (the "HALLEX") provides that when a case is remanded, the ALJ's initial decision will generally be vacated in its entirety, such that "the ALJ must consider all pertinent issues de novo." HA 01280.018 (renumbered from HALLEX § I-2-8-18). And the Defendant has represented, through his briefing, that the issues the Plaintiff raises here are "pertinent" for HALLEX purposes

4

\*   \*   \*

The Plaintiff has also requested that his case be considered by a different ALJ if there is to be a remand, because the current one is biased.  See Plaintiff's Cross Motion at 13-16.

In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court described judicial bias as involving conduct that is "so extreme as to display clear inability to render fair judgment." Id. at 551.

And federal courts throughout the Nation have considered allegations of ALJ bias in disability cases under the Liteky standard.  See, e.g., Keith v. Barnhart, 47 F.3d 782, 788-90 (7th Cir. 2007); Consolidation Coal Co. v. Williams, 453 F.3d 609, 618-20 (4th Cir. 2006); St. Anthony Hosp. v. U.S. Dep't of Health & Hum. Servs., 309 F.3d 680, 711 (10th Cir. 2002); Perkins v. Astrue, 648 F.3d 892, 902-04 (8th Cir. 2011); see also Fraser v. Astrue, 373 F. App'x 222, 225 (3d Cir. 2010); Shanta B., 2024 WL 3534338, at *6-7.

Here, Liteky is all but dispositive.

Applying it, the Third Circuit has cautioned that courts "cannot base a finding of bias merely on repeated adverse rulings." Kirlew v. Atty. Gen. of U.S., 267 F. App'x 125, 128 (3d Cir. 2008); see also Liteky, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias . . . motion."); Johnson v. Comm'r of Soc. Sec., 2009 WL 4666933, at *4 (D.N.J. Dec. 3, 2009), aff'd, 398 F. App'x 727 (3d Cir. 2010) ("[A]n ALJ's impartiality should not be judged by result or reputation or by statistics of how that judge has previously ruled.") (cleaned up).

---

and will thus be subject to de novo review before the ALJ upon remand.  See Defendant's Brief at 2-5.  The Court banks on this representation.  There is no reason to think the Defendant will not honor his commitment to the Court.  In this circumstance, the Court will not "referee the scope" of the remand.  Yolyemal H. v. Comm'r of Soc. Sec., 2022 WL 901466, at *2-3 (D.N.J. Mar. 28, 2022) (citing Wilfredo M. v. Comm'r of Soc. Sec., 2021 WL 5770260, at *3 (D.N.J. Dec. 6, 2021)).

In this case, the Plaintiff grounds his bias claim on the relevant ALJ's asserted denial rate when it comes to clients of the Plaintiff's law firm.  See Plaintiff's Cross Motion at 4.

But the quantitative information put forward by the Plaintiff is not yeasted with any meaningful qualitative evidence as to why the ALJ is unable to "render fair judgment."  Liteky, 510 U.S. at 551.

Beyond the top-line numerical track record that has apparently been built up, the Plaintiff does not meaningfully show that there is anything about the ALJ's decisions or the accompanying proceedings that suggest the ALJ is biased against the law firm or its clients.[6]

Courts have recently addressed this issue, in cases involving the same ALJ and the same law firm.  And they have held that where the only evidence of bias is the ALJ's denial rate, that is insufficient.  See Shanta B., 2024 WL 3534338, at *7; James R. v. Kijakazi, 2023 WL 6389097, at *5 (D.N.J. Sept. 30, 2023). The undersigned reaches the same conclusion.

*   *   *

For the above reasons, the Court will vacate the decision of the Commissioner and remand this case pursuant to sentence four of 42 U.S.C. § 405(g), without directing the Commissioner to assign a new ALJ.

A separate order will issue entering judgment.  See Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993); Kadelski v. Sullivan, 30 F.3d 399, 401 (3d Cir. 1994); Fed. R. Civ. P. 58.

IT IS on this 20th day of January, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

---

[6]  For example, there is no evidence that the ALJ treated the Plaintiff or his counsel in a non-respectful way.  Cf. Ventura v. Shalala, 55 F.3d 900, 901-05 (3d Cir. 1995).

6